# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before HAIGHT, PENLAND, and WOLFE
Appellate Military Judges

**HEARST NEWSPAPERS, LLC et al., Petitioner**
**&**
**Sergeant ROBERT B. BERGDAHL, Real Party in Interest**
**v.**
**General ROBERT B. ABRAMS, Commander, Respondent**
**&**
**Lieutenant Colonel PETER Q. BURKE, Commander, Respondent**
**&**
**Lieutenant Colonel MARK A. VISGER, Preliminary Hearing Officer, Respondent**
**&**
**UNITED STATES, Respondent**

ARMY MISC 20150652

For Petitioner: Jennifer D. Bishop; Diego Ibarguen (on brief).

For Real Party in Interest: Lieutenant Colonel Jonathan F. Potter, JA; Captain Alfredo N. Foster, JA; Lieutenant Colonel Franklin D. Rosenblatt; Eugene R. Fidell (on brief).

For Respondent: Pursuant to A.C.C.A. Rule 20(e), no response filed.

14 October 2015

-----------------------------------------------------------------------
SUMMARY DISPOSITION AND ACTION
ON PETITION FOR EXTRAORDINARY RELIEF IN THE
NATURE OF A WRIT OF MANDAMUS
-----------------------------------------------------------------------

Per Curiam:

Petitioner is charged with desertion and misbehavior before the enemy, in violation of Articles 85 and 99, Uniform Code of Military Justice, 10 U.S.C. §§ 885 and 899 [hereinafter UCMJ]. Pursuant to Article 32, UCMJ, a preliminary hearing was conducted in petitioner's case on 17-18 September 2015.

On 2 October 2015, Hearst Newspapers, LLC et al. petitioned this court for extraordinary relief in the nature of a writ of mandamus. On 5 October 2015, Sergeant Robert B. Bergdahl filed a motion for leave to intervene as a real-party-in interest, which was granted by this court on 13 October 2015.

BERGDAHL – ARMY MISC 20150652

Petitioner presents the following two issues:

> A. WHERE UNCLASSIFIED DOCUMENTS ARE RECEIVED INTO EVIDENCE DURING A PUBLIC ARTICLE 32 [UCMJ] HEARING, MAY THE CONVENING AUTHORITY OR OTHER PRESIDING OFFICER DENY PUBLIC ACCESS TO THOSE DOCUMENTS WITHOUT SPECIFIC, ON-THE-RECORD, FINDINGS THAT SUCH DENIAL—EFFECTIVELY SEALING THE DOCUMENTS—IS NECESSARY TO FURTHER A COMPELLING GOVERNMENT INTEREST THAT OVERRIDES THE FIRST AMENDMENT AND IS NARROWLY TAILORED TO FURTHER THAT INTEREST.

> B. IS THE GENERAL COURT-MARTIAL CONVENING AUTHORITY, SPECIAL COURT-MARTIAL CONVENING AUTHORITY, AND/OR ARTICLE 32 [UCMJ] PRELIMINARY HEARING OFFICER REQUIRED TO MAKE TRANSCRIPTS OF A PUBLIC ARTICLE 32 HEARING AVAILABLE TO THE PUBLIC IMMEDIATELY FOLLOWING THE HEARING?

Petitioner asks this court to answer both questions in the affirmative and to issue a writ of mandamus directing the public release of documents.

The jurisdiction of this court to issue process under the All Writs Act is limited to issues having "the potential to directly affect the findings and sentence." *LRM v. Kastenberg*, 72 M.J. 364, 368 (2013); 28 U.S.C. § 1651. This court does not have jurisdiction to oversee the administration of military justice generally. *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999). Petitioner has not demonstrated that the release of documents to the public, prior to any decision on whether this case should be referred to trial, has the potential to directly affect the findings and sentence. As this court lacks the jurisdiction to consider the matter, the petition is DISMISSED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2